IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:08-CR-221-1BO
NO. 5:11-CV-302-BO



FILED
JAN 2 6 2012

| | |
|---|---|
| JESSE CLEO BAZEMORE,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | ORDER |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 28]. For the reasons discussed below, Petitioner's Motion is granted.

## BACKGROUND

On December 15, 2008, Petitioner pleaded guilty to one count of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g). Petitioner was sentenced to a term of imprisonment of 108 months on March 18, 2009. Upon a timely notice of appeal by Petitioner, the Fourth Circuit affirmed this Court's sentence by unpublished opinion entered September 9, 2010. Petitioner then filed the instant § 2255 motion on June 14, 2011, which Respondent (the government) moved to dismiss on July 26, 2011. The Court then granted Petitioner leave to amend his § 2255 motion in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011)(en banc). Petitioner so amended, and the government filed its response to the amended petition on January 6, 2012.

## DISCUSSION

In *Simmons*, the Fourth Circuit addressed which North Carolina state convictions under

the Structured Sentencing Act are felony offenses, holding that the federal sentencing court must look to the "conviction itself" and, if the state sentencing court "never made the recidivist finding necessary" to expose the defendant to a higher sentence, the government "cannot now rely on such a finding to 'set the maximum term of imprisonment.'" *Simmons*, 649 F.3d at 243 (citing *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2587 n.12 (2010)).

Petitioner has four prior North Carolina state convictions upon which a 18 U.S.C. § 922(g) charge might rest. However, based on Petitioner's offense conduct and prior record, none of Petitioner's North Carolina state convictions exposed Petitioner to a term of imprisonment exceeding twelve months. As conceded by the government, none of Petitioner's state convictions now qualify as predicate convictions under 18 U.S.C. § 922(g)(1) in light of *Simmons*. Petitioner's Motion to Vacate must therefore be granted.

## CONCLUSION

For the reasons discussed above, and with the concurrence of the government, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is GRANTED and Respondent's Motion to Dismiss is DENIED. Petitioner Jesse Cleo Bazemore's conviction and judgment entered March 18, 2009, are VACATED and the indictment in this matter is hereby DISMISSED. The Clerk is DIRECTED to enter judgment accordingly.

SO ORDERED, this __25__ day of January, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE